1

2

3

4

5

6

7

8                              IN THE UNITED STATES DISTRICT COURT

9                          FOR THE EASTERN DISTRICT OF CALIFORNIA

10   WILLIAM SOTO,

11              Plaintiff,                          No. CIV S-07-1908 FCD EFB P

12        vs.

13   CALIFORNIA DEPARTMENT
     OF CORRECTIONS, et al.,

14
                Defendants.                         ORDER

15   _____/

16        Plaintiff is a state prisoner without counsel suing for alleged violations of Title II of the

17   Americans with Disabilities Act ("ADA"). *See* 42 U.S.C. §§ 12131 - 12164.  He seeks leave to

18   proceed *in forma pauperis*.  The case was referred to this court by Local Rule 72-302 pursuant to

19   28 U.S.C. § 636(b)(1).

20        Plaintiff's declaration makes the showing required by 28 U.S.C. § 1915(a)(1) and (2).

21        Pursuant to 28 U.S.C. § 1915(b)(1), plaintiff must pay the $350 filing fee. *See* 28 U.S.C.

22   § 1914(a).  Plaintiff must make monthly payments of 20 percent of the preceding month's

23   income credited to his trust account.  28 U.S.C. § 1915(b)(2).  The agency having custody of

24   plaintiff shall forward payments from plaintiff's account to the Clerk of the Court each time the

25   amount in the account exceeds $10 until the filing fee is paid.

26   ////

1

1    The court has reviewed plaintiff's complaint pursuant to 28 U.S.C. § 1915A and finds it

2  does not state a cognizable claim against any defendant.  To proceed, plaintiff must file an

3  amended complaint.

4    As defendants, plaintiff names the California Department of Corrections, Duel

5  Vocational Institution and Michelle Street.  He seeks injunctive relief and damages on the

6  ground that unidentified prison staff have refused to provide him with a cane or pain medication

7  for pain in his left leg resulting from a motorcycle accident.  Compl., at 5.  To state a claim under

8  Title II of the ADA, plaintiff must allege:  (1) he is disabled; (2) he is eligible, with or without

9  accommodation, to receive or participate in a public entity's services, programs or activities; (3)

10  the entity excluded him from participation in or denied him the benefits of its services, programs

11  or activities, or otherwise discriminated against him; and (4) the exclusion, denial of benefits, or

12  discrimination was by reason of the plaintiff's disability.  *Thompson v. Davis*, 295 F.3d 890, 895

13  (9th Cir. 2002).  It appears that plaintiff misses the purpose of the ADA, which is to ensure that

14  disabled individuals have access to programs and services available to able-bodied persons.  *See,*

15  *Arc of Washington State Inc. v. Braddock*, 427 F.3d 615, 618 (9th Cir. 2005) (Title II contains an

16  "integration requirement," i.e., ending the isolation and segregation of disabled persons from

17  programs and services available to able-bodied persons).  Plaintiff alleges that he has received

18  inadequate medical care.  While medical care is a service in prison, the denial of adequate care

19  more properly is brought as an action arising under 42 U.S.C. § 1983 and the Eighth

20  Amendment.  It simply is nonsensical to say that a person with a disability has been denied

21  adequate medical care on account of that disability.  In the event plaintiff decides to file an

22  amended complaint alleging an Eighth Amendment violation, the court will set out the basic

23  standard.

24    To state a claim defendants provided constitutionally inadequate medical care, plaintiff

25  must allege acts or omissions evidencing identified defendants knew of and disregarded

26  plaintiff's serious medical needs.  *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Farmer v.*

1    *Brennan*, 511 U.S. 825, 837 (1994).  Neither defendants' negligence nor plaintiff's general

2    disagreement with the treatment he received suffices to state a claim.  *Estelle*, 429 U.S. at 106;

3    *Hutchinson v. United States*,  838 F.2d 390, 394 (9th Cir. 1988); *Jackson v. McIntosh*, 90 F.3d

4    330, 331 (9th Cir. 1996).

5        Any amended complaint must show that the federal court has jurisdiction and that

6    plaintiff's action is brought in the right place, that plaintiff is entitled to relief if plaintiff's

7    allegations are true, and must contain a request for particular relief.  Plaintiff must identify as a

8    defendant only persons who personally participated in a substantial way in depriving plaintiff of

9    a federal constitutional right.  *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (a person

10    subjects another to the deprivation of a constitutional right if he does an act, participates in

11    another's act or omits to perform an act he is legally required to do that causes the alleged

12    deprivation).  If plaintiff contends he was the victim of a conspiracy, he must identify the

13    participants and allege their agreement to deprive him of a specific federal constitutional right.

14        In an amended complaint, the allegations must be set forth in numbered paragraphs.  Fed.

15    R. Civ. P. 10(b).  Plaintiff may join multiple claims if they are all against a single defendant.

16    Fed. R. Civ. P. 18(a).  If plaintiff has more than one claim based upon separate transactions or

17    occurrences, the claims must be set forth in separate paragraphs.  Fed. R. Civ. P. 10(b).

18        The federal rules contemplate brevity.  *See Galbraith v. County of Santa Clara*, 307 F.3d

19    1119, 1125 (9th Cir. 2002) (noting that "nearly all of the circuits have now disapproved any

20    heightened pleading standard in cases other than those governed by Rule 9(b)."); Fed. R. Civ. P.

21    84; cf. Rule 9(b) (setting forth rare exceptions to simplified pleading).  Plaintiff's claims must be

22    set forth in short and plain terms, simply, concisely and directly.  *See Swierkiewicz v. Sorema*

23    *N.A.*, 534 U.S. 506, 514 (2002) ("Rule 8(a) is the starting point of a simplified pleading system,

24    which was adopted to focus litigation on the merits of a claim."); Fed. R. Civ. P. 8.  Plaintiff

25    must not include any preambles, introductions, argument, speeches, explanations, stories,

26    griping, vouching, evidence, attempts to negate possible defenses, summaries, and the like.

1   *McHenry v. Renne*, 84 F.3d 1172, 1180 (9th Cir. 1996) (affirming dismissal of § 1983 complaint

2   for violation of Rule 8 after warning); *see Crawford-El v. Britton*, 523 U.S. 574, 597 (1998)

3   (reiterating that "firm application of the Federal Rules of Civil Procedure is fully warranted" in

4   prisoner cases).  The court (and defendant) should be able to read and understand plaintiff's

5   pleading within minutes.  *McHenry*, 84 F.3d at 1177.  A long, rambling pleading, including

6   many defendants with unexplained, tenuous or implausible connection to the alleged

7   constitutional injury or joining a series of unrelated claims against many defendants very likely

8   will result in delaying the review required by 28 U.S.C. § 1915 and an order dismissing

9   plaintiff's action pursuant to Fed. R. Civ. P. 41 for violation of these instructions.

10          A district court must construe pro se pleading "liberally" to determine if it states a claim

11   and, prior to dismissal, tell a plaintiff of deficiencies in his complaint and give plaintiff an

12   opportunity to cure them. *See Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir. 2000).  However,

13   the "[f]actual allegations must be enough to raise a right to relief above the speculative level on

14   the assumption that all the allegations in the compliant are true (even if doubtful in fact)." *Bell*

15   *Atlantic Corporation v. Twombly*, ___ U.S. ___, 127 S.Ct. 1995, 1965 (2007) (citations omitted).

16          An amended complaint must be complete in itself without reference to any prior

17   pleading.  Local Rule 15-220; *see Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff

18   files an amended complaint, the original pleading is superseded.

19          By signing an amended complaint, plaintiff certifies he has made reasonable inquiry and

20   has evidentiary support for his allegations and that for violation of this rule the court may impose

21   sanctions sufficient to deter repetition by plaintiff or others.  Fed. R. Civ. P. 11.  Prison rules

22   require plaintiff to obey all laws, including this one, and plaintiff may be punished by prison

23   authorities for violation of the court's rules and orders.  *See* Cal. Code Regs. tit. 15, § 3005.

24          A prisoner may bring no § 1983 action until he has exhausted such administrative

25   remedies as are available to him.  42 U.S.C. § 1997e(a).  The requirement is mandatory. *Booth*

26   *v. Churner*, 532 U.S. 731, 741 (2001).  By signing an amended complaint he certifies his claims

1    are warranted by existing law, including the law that he exhaust administrative remedies, and

2    that for violation of this rule plaintiff risks dismissal of his action.

3          Accordingly, the court hereby orders that:

4          1.  Plaintiff's request to proceed *in forma pauperis* is granted.

5          2.  Plaintiff shall pay the statutory filing fee of $350.  All payments shall be collected in

6    accordance with the notice to the Director of the California Department of Corrections and

7    Rehabilitation filed concurrently herewith.

8          3.  The complaint is dismissed with leave to amend within 30 days.  Plaintiff shall file an

9    original and one copy of the amended complaint, which must bear the docket number assigned to

10   this case and be titled "First Amended Complaint."  Failure to file an amended complaint will

11   result in a recommendation this action be dismissed for failure to state a claim.  If plaintiff files

12   an amended complaint stating a cognizable claim the court will proceed with service of process

13   by the United States Marshal.

14   Dated:  April 8, 2008.

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

15

16

17

18

19

20

21

22

23

24

25

26